**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent/Plaintiff, ) <br> vs. ) <br> ) <br> AUSTIN JOSHUA PETERSON, ) <br> ) <br> Petitioner/Defendant. ) <br> ) <br> _____ ) | Case No.: 2:10-cr-00234-GMN-RJJ-1 <br><br> **ORDER** |

Pending before the Court is Petitioner Austin Joshua Peterson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF Nos. 38, 39). The Government filed a Response, (ECF No. 41), and Petitioner filed a Reply, (ECF No. 42).

Also pending before the Court is Petitioner's Motion to Stay, (ECF No. 48). The Government filed a Response, (ECF No. 49), and Petitioner filed a Reply, (ECF No. 50). For the reasons discussed below, the Court **DENIES** Petitioner's 2255 Motion, and **DENIES** Petitioner's Motion to Stay.

**I.     BACKGROUND**

On September 27, 2010, Petitioner pleaded guilty to Count One and Count Eight, Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); Counts Three through Seven, Interference with Commerce by Robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951; Count Nine, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(C) and 924(c)(1)(A)(ii); and Counts Ten and Eleven, Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), of the Superseding Indictment, (ECF No. 15). (*See* Mins. of Proceedings, ECF No. 23). The Court

sentenced Petitioner to 93 months' custody for Counts One, Three, Four, Five, Six, Seven, Eight, and Ten, to be served concurrently; and 84 months' custody for Count Nine, to run consecutively to the sentences imposed for all other counts, for a total of 177 months. (J., ECF No. 31).

On June 20, 2016, Petitioner filed an Abridged 2255 Motion, (ECF No. 38), followed by a comprehensive 2255 Motion, (ECF No. 39), on December 7, 2016, arguing that his sentence violates due process because it is based on an unconstitutionally vague portion of 18 U.S.C. § 924(c). (*See* 2255 Mot. 6:13–10:22, ECF No. 39). Petitioner's vagueness argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner accordingly points to language in § 924(c)'s residual clause, which is identical to that of the ACCA's residual clause, for the proposition that both provisions, and any convictions and sentences arising therefrom, are invalid. (2255 Mot. 6:13–7:14).

After the ruling in *Johnson*, the Ninth Circuit issued its decision in *United States v. Blackstone*, 903 F.3d 1020, 1028–29 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). As pertinent to this case, the Ninth Circuit held that *Johnson* had not been extended to sentences imposed pursuant to § 924(c). *Id.* at 1028. Consequently, a 2255 motion seeking to invalidate a § 924 conviction based on *Johnson*, would therefore be untimely. *Id.* at 1028, 1029 ("The Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant to [§ 924(c)], but until then [the petitioner's] motion is untimely."). Roughly three weeks later, Petitioner filed a Motion to Stay, (ECF No. 48), his case "until the mandate in *Blackstone* issues or until the [Supreme Court] resolves certiorari of *Blackstone*, whichever is later." (Mot. Stay 2:13–15, ECF No. 48). This Order now follows.

///

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. **DISCUSSION**

Petitioner argues that his sentence for Count Nine of the Superseding Indictment for Using and Carrying a Firearm arose under an unconstitutionally vague provision of 18 U.S.C. § 924(c). (2255 Motion at 3:2–7, ECF No. 39). Title 18 United States Code Section 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The U.S. Supreme Court recently invalidated § 924(c)(3)(B) after

holding that its language is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2335–36 (2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

Here, Petitioner argues that his sentence based on Count Nine of the Indictment violates due process because the Court imposed it under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). (*See* 2255 Motion 7:15–8:8). To make that argument, Petitioner points to his predicate offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113. (*Id.* 13:1–19:18). He claims that Armed Bank Robbery is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under Section 924(c) must have arisen from the unconstitutional residual clause. (*See id.* 19:14–18). The Ninth Circuit in *United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018), rejected the same arguments made by Petitioner when it held that federal armed bank robbery constitutes a crime of violence by its elements. 881 F.3d at 786. Petitioner's conviction for Armed Bank Robbery therefore implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause—rendering Petitioner ineligible for relief on the grounds argued in his 2255 Motion. Accordingly, the Court will **DENY** Petitioner's 2255 Motion, (ECF Nos. 38, 39).

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore **DENIES** Petitioner a certificate of appealability.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF Nos. 38, 39), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay, (ECF No. 48), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __28__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court